IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL HOLGUIN HERRERA, | ) | |
| ID # 09807-180, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:04-CV-1430-L |
| | ) | |
| K.J. WENDT, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

When petitioner commenced this action by filing the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, he was a federal prisoner incarcerated in a Federal Correctional Institute (FCI) located in Seagoville, Texas. He names K.J. Wendt, former Warden of that facility, as respondent. Petitioner is now incarcerated in an FCI located in El Paso, Texas.

**B. Procedural History**[1]

Petitioner is serving seventy-eight month sentences for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841, 846; aiding and abetting an attempt to possess cocaine with an intent to distribute in violation of 18 U.S.C. § 2; and possessing a firearm while being an unlawful user of

---

[1] The procedural background is taken from petitioner's federal petition for writ of habeas corpus and attachments to that petition. For purposes of these findings, the Court accepts the background information as true whether or not the Court has verified it through independent sources.

or addicted to a controlled substance in violation of 18 U.S.C. § 922(g)(3). The trial court ordered the sentences to run concurrently and added two points to petitioner's offense level for possessing three firearms while being a user of a controlled substance. Although the court of appeals initially found insufficient evidence to support the conviction under § 922(g)(3) because the evidence was insufficient to show petitioner to be "an unlawful user of or addicted to" a controlled substance, *United States v. Herrera*, 289 F.3d 311, 324-25 (5th Cir. 2002), the Fifth Circuit ultimately affirmed his conviction under § 922(g) on *en banc* review, *see United States v. Herrera*, 313 F.3d 882, 885 (5th Cir. 2002).

In 2003, petitioner successfully completed a Residential Drug Abuse Program at FCI Seagoville and thereafter requested early release pursuant to 18 U.S.C. § 3621(e). The Regional Director of the Bureau of Prisons (BOP) denied the request because under the BOP's discretionary authority, it concluded that petitioner was not eligible for early release due to the enhancement to his federal sentence for possessing a firearm during the commission of the offenses for which he was convicted. That denial was affirmed on appeal because "the decision that [petitioner is] precluded from receiving a sentence reduction" is "consistent" with § 3621(e); 28 C.F.R. § 550.58; Program Statement (PS) 5330.10, *Drug Abuse Programs Manual*; and PS 5162.04, *Categorization of Offenses*.

Petitioner filed the instant action pursuant to 28 U.S.C. § 2241 to challenge the denial of early release and the validity of PS 5162.04. He argues that the denial violates his rights to due process because it violates the plain meaning of the § 3621(e) and illegally exceeds the discretionary authority granted in *Lopez v. Davis*, 531 U.S. 230 (2001). (Pet. at 10, 12-14.) He further argues that PS 5162.04 is invalid because the BOP violated notice and comment requirements of the Administrative Procedures Act (APA) when it published that policy statement. (*Id.* at 10-11, 14-15.) In

2

addition, based upon the initial appellate decision which overturned his conviction under § 922(g)(3), petitioner argues that he "was not in possession of a firearm in the commission of another felony, in fact he was found not guilty of section 922(g)(3) by the Fifth Circuit." (*Id.* at 11.) Lastly, petitioner argues that the BOP should not have authority to categorically deny early release. (*See* Pet. at 15-17.)

## II.  EARLY RELEASE

Section 3621(e) grants the BOP discretion in some cases to reduce a prisoner's sentence upon successful completion of a substance abuse treatment program. Only prisoners who have been convicted of "a nonviolent offense" are eligible for such discretionary reduction. *See* 18 U.S.C. § 3621(e)(2)(b). Eligible prisoners who successfully complete the requisite treatment program may obtain up to a one-year reduction in their sentence. *Id.* "The enabling statutes regarding eligibility for substance abuse treatment and related sentence reduction explicitly vest considerable discretion with the Bureau of Prisons." *Venegas v. Henman*, 126 F.3d 760, 762 (5th Cir. 1997); *accord Lopez v. Davis*, 531 U.S. 230, 233 (2001); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998).

To assist in determining when to exercise such discretion, the BOP published regulations and policies that categorically narrow the prisoners who may obtain early release under § 3621. *See* 28 C.F.R. § 550.58; PS 5162.04. Section 550.58(a)(1)(vi)(B) specifically excludes prisoners from early-release consideration when their current felony offense involves "the carrying, possession, or use of a firearm or other dangerous weapon." In addition, through PS 5162.04, "the Bureau also delineated offenses 'with a specific offense characteristic enhancement' that, at the Bureau's discretion, precluded early release eligibility under § 3621(e)" such as when "the offender received a two-level sentence enhancement under the sentencing guidelines for possessing a dangerous weapon during

3

commission of the offense." *Owens v. Van Buren*, No. 4:04-CV-774-Y, 2005 WL 283614, at *2 (N.D. Tex. Feb. 7, 2005) (findings, conclusions, and recommendation quoting PS 5162.04), *adopted by* 2005 WL 525219 (N.D. Tex. Mar. 7, 2005). In *Lopez*, the Supreme Court upheld the validity of "categorically" excluding prisoners from eligibility for early release "based on their preconviction conduct" as set forth in 28 C.F.R. § 550.58. *See* 531 U.S. at 244. It stated that the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.*

Petitioner argues that the BOP has violated the plain meaning of § 3621(e) and exceeded the discretionary authority established in *Lopez*. (Pet. at 10, 12-14.) He seeks to limit *Lopez* to cases involving felons in possession of firearms or offenses that are enhanced for using, carrying, or possessing a firearm during a separate offense. (*See id.* at 8-9, 13.) He also argues that the BOP should not be authorized to categorically deny early release. (*See id.* at 15-17.) He contends that the BOP should individually consider each prisoner for the applicable range of eligible early release, *i.e.*, zero to twelve months. (*Id.* at 16.) In other words, violent offenders should receive zero months; purely non-violent prisoners should receive the full twelve months; and those that fall between the violent and purely non-violent should receive a three-, six-, or nine-month sentence reduction as appropriate to their circumstances. (*Id.*)

The argument for individualized consideration under § 3621(e) ignores *Lopez*. The Supreme Court specifically held that the BOP may categorically exclude prisoners from eligibility for early release despite the alleged plain meaning of the statute. The BOP has not violated the plain meaning of the statute or exceeded its discretionary authority. The Court, furthermore, finds the

4

requested limitation of *Lopez* unwarranted. First, *Lopez* involved a conviction for "possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841" and a two-level enhancement based "[u]pon finding that Lopez possessed a firearm in connection with his offense." *See* 531 U.S. at 236. There is thus no factual basis to "limit" *Lopez* to cases involving possession of a firearm in a separate offense. As found by the Supreme Court, when one possesses a firearm or other deadly weapon during a current offense, such possession reasonably suggests a readiness to resort to life-endangering violence sufficient to determine the early release decision. Because one of petitioner's current felony offenses involved possession of a firearm, the BOP properly denied him eligibility for early release under § 3621(e) through 28 C.F.R. § 550.58 and Program Statement 5162.04.[2]

Petitioner also seeks to invalidate PS 5162.04 because the BOP violated notice and comment requirements. (Pet. at 10-11, 14-15.) He urges the Court to follow *Bohner v. Daniels*, 243 F. Supp. 2d 1171, 1179 (D. Or. 2003) to invalidated the program statement. However, "a program statement is an internal agency guideline not subject to the notice and comment requirements of the APA." *Owens*, 2005 WL 283614, at *2 (citing *Royal v. Tombone*, 141 F.3d 596, 600 (5th Cir. 1998)). In light of *Owens* and *Royal*, the Court declines to follow *Bohner*, an opinion decided outside the Fifth Circuit. A failure to comply with APA notice and comment requirements does not render a program statement invalid.

Petitioner further argues that he "was not in possession of a firearm in the commission of another felony, in fact he was found not guilty of section 922(g)(3) by the Fifth Circuit." (Pet. at

---

[2] Petitioner attempts to invoke the "rule of lenity." (*See* Pet. at 10.) The Supreme Court, however, has already rejected the applicability of that rule in the current context. *See Lopez*, 531 U.S. at 244 n.7.

11.) This argument concerns consideration of the appeal of his federal conviction found in *United States v. Herrera*, 289 F.3d 311 (5th Cir. 2002). However, as recognized by petitioner, the Fifth Circuit affirmed his conviction under § 922(g) on *en banc* review. (Pet. at 4 (citing *United States v. Herrera*, 313 F.3d 882 (5th Cir. 2002)).) The Fifth Circuit never found that petitioner did not possess a firearm. Petitioner's conviction under § 922(g)(3) provides an adequate basis to deny him early release.

For the foregoing reasons, the BOP properly denied petitioner eligibility for early release under § 3621(e) through 28 C.F.R. § 550.58 and Program Statement 5162.04.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** the instant petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

**SIGNED this 1st day of August, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE